UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GAINES PARTON, #221892, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No.: 3:12-cv-656-TAV-CCS |
| | ) |
| CORIZON HEALTHCARE, INC., and | ) |
| RONALD HIGGS, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff Gaines Parton ("plaintiff"). The matter is before the Court on the motion to dismiss filed by Corizon, Inc., incorrectly named Corizon Healthcare, Inc., ("Corizon") and Dr. Ronald Higgs ("Dr. Higgs") and plaintiff's response thereto. For the following reasons, the motion to dismiss [Doc. 15] will be **DENIED**.

**I.     Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its

face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

## II. Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). He filed this action during his confinement in the Morgan County Correctional Complex (MCCX). Plaintiff alleges that Corizon is a private for-profit corporation that has a contract with the TDOC to provide medical care and services to inmates. Plaintiff alleges that Dr. Higgs is Corizon's primary care physician at MCCX and is responsible for

providing medical care to the inmates there. Plaintiff further alleges that the defendants are responsible for arranging for specialized care outside the prison.

The basis of plaintiff's complaint can be summarized as follows: On January 18, 2012, he slipped in the shower and broke his right hand. At the infirmary, Dr. Higgs took x-rays, gave plaintiff an ace bandage and pain medication, and referred him to an outside orthopedic specialist. On January 27, plaintiff was taken to Oak Ridge Hospital for an appointment with Dr. French, who took x-rays and put his hand in a cast, gave plaintiff a prescription for pain medication, and scheduled a follow-up appointment four weeks later. Back at the prison, Dr. Higgs extended plaintiff's pain medication for one week.

Plaintiff saw Dr. French again on February 23, 2012. Dr. French took x-rays and told him his hand was still broken and required surgery, preferably within the next two weeks. Dr. French asked if plaintiff was receiving pain medication and plaintiff told him he had not had any for about three weeks. Dr. French gave him a prescription, but back at the prison Dr. Higgs refused to fill the prescription or give plaintiff any pain medication.

On March 6, 2012, plaintiff sought information as to when he would have the surgery recommended by Dr. French. On March 15, he received a ten-day supply of the pain medication prescribed by Dr. French and was told his request for surgery was being resubmitted to Corizon. On March 25, his pain medication was discontinued.

On April 13, 2012, plaintiff again sought information about his surgery and was told by a counselor who checked into it that he was not going to get the surgery and to

3

stop asking about it. On April 19, 2012, plaintiff saw Dr. French who told him he still needed surgery to repair his hand and that he would schedule it. A woman in Dr. French's office, however, said she had checked with MCCX and that Dr. Higgs and Corizon refused to approve surgery for plaintiff's right hand but she would schedule it anyway. Plaintiff was informed by the MCCX healthcare administrator on April 25, 2012, that his surgery was scheduled for May 8, 2012, at Parkwest Hospital. Dr. Higgs and Corizon, however, refused to transport plaintiff to the hospital that day for surgery.

Plaintiff filed his complaint on December 19, 2012. As of that date, he still had not received the recommended surgery. Plaintiff alleges that, due to the delay in receiving the recommended surgery, he risks permanent disability and disfigurement to his right hand. According to plaintiff, Corizon and Dr. Higgs refused to provide the surgery due to the cost of surgery, treatment, and follow-up care and therapy. Plaintiff alleges that the defendants' refusal to provide him with necessary treatment constitutes deliberate indifference to serious medical needs in violation of the Eighth Amendment. [Doc. 2, Complaint, pp. 3-15]. Defendants Dr. Higgs and Corizon move to dismiss the complaint on the basis that it fails to state a claim upon which relief can be granted.

### III. Discussion

The Eighth Amendment's ban against cruel and unusual punishment obliges prison authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

4

needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. at 836).

Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. at 837; *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate

5

indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

### A. Dr. Higgs

Dr. Higgs contends that the complaint against him sounds in medical malpractice and thus fails to state a claim under § 1983. He also avers that plaintiff has not complied with the Tennessee medical malpractice statute and for that reason his complaint also fails. This argument overlooks the fact that plaintiff specifically alleges that Dr. Higgs has been deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.

Plaintiff alleges that Dr. Higgs is generally responsible for providing medical care for MCCX prisoners and specifically responsible for scheduling outside specialized medical treatment; that Dr. Higgs referred plaintiff to Dr. French, an outside orthopedic specialist who recommended surgery and went so far as to schedule the surgery for a specific date; that Dr. Higgs was aware of the recommendation for surgery but refused to approve the surgery and refused to arrange transportation for plaintiff to have the recommended surgery; that plaintiff had been waiting almost a year for the surgery at the time he filed this action; and that Dr. Higgs discontinued the pain medication that was prescribed by Dr. French. Under the circumstances, the Court finds that the complaint states a claim for relief under § 1983 against defendant Dr. Higgs. *See Blackmore*, 390

6

F.3d at 899 ("When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates the constitutional infirmity."); *see also Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (although repeated acts of negligence do not by themselves constitute deliberate indifference, "repeated acts of negligence" "viewed together and as a pattern" is "one way to prove that an official acted with deliberate indifference) (emphasis in original).

      **B.**    **Corizon**

Corizon contends that plaintiff cannot hold it liable for the alleged unconstitutional conduct of Dr. Higgs under a theory of respondeat superior. A private corporation that performs a public function, such as contracting with the state to run its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). The same principle applies to a private company that contracts to provide medical care to prisoners. *See, e.g., Thomas v. Coble*, 55 F. App'x 748 (6th Cir. 2003). Nevertheless, "respondeat superior alone cannot create liability under § 1983." *Id*. at 101. For a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id*. "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).

7

Plaintiff, however, alleges that Corizon refused, and continues to refuse, to provide plaintiff with the recommended surgery due to the cost of the surgery, treatment, and follow-up care and therapy. A defendant's policy of failing to comply with its contractual obligations based upon cost considerations could be seen as evidence of a custom or pattern of deliberate indifference. Under the circumstances, the Court finds that the complaint states a claim for relief under § 1983 against defendant Corizon.

## IV. Conclusion

Plaintiff's allegations set forth in the complaint, taken as true at this stage of the proceedings, sufficiently establish a claim for violation of plaintiff's civil rights. Accordingly, defendants' motion to dismiss for failure to state a claim upon which relief can be granted is **DENIED**.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE